IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GREGORY CARPENTER                                                    PLAINTIFF

vs.                                    Civil No. 6:06-cv-06025

MICHAEL J. ASTRUE[1]                                                 DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Gregory Carpenter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T.

Dawson referred this case to the Honorable Barry A. Bryant for the purpose of making a report and

recommendation.  The Court, having reviewed the entire transcript and relevant briefing,

recommends that the ALJ's determination be **REVERSED AND REMANDED.**

**1. Background:**

The Plaintiff protectively filed his applications for DIB and SSI on November 18, 2003.  (Tr.

_____

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

49-52, 219-222).[2]  The Plaintiff was fully insured for DIB under the Act through December 31, 2004. (Tr. 11).  In his applications, the Plaintiff alleged an onset date of December 31, 1998 due to depression and pain in his legs, back, shoulder, arms, and hands.  (Tr. 11, 55-56).  The applications were initially denied on April 20, 2004 and were denied again on reconsideration on  October 6, 2004.  (Tr. 25-28, 223-226).  The Plaintiff requested an administrative hearing which was held on July 26, 2005 in Hot Springs, Arkansas.  (Tr. 11, 230-246).  The Plaintiff was present and was represented by counsel, David Hendrix, at the hearing.  (Tr. 11, 230-246).  The Plaintiff and Vocational Expert ("VE") David Elmore testified at the hearing.  (Tr. 230-246).  At the time of the hearing, the Plaintiff was twenty-eight (28) years old, was classified as a "younger person," *See* 20 C.F.R. § 404.1563(c)(2006), and had received a General Education Degree (GED).  (Tr. 233).

On February 17, 2006, the ALJ entered an unfavorable decision and denied the Plaintiff's request for disability benefits.  (Tr. 11-16).  The ALJ concluded the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date.  (Tr. 11, 15, Finding 2).  The ALJ determined the Plaintiff suffered from the severe impairment of osteoarthritis but that the Plaintiff did not suffer from an impairment or a combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulation No. 4 ("Listings").  (Tr. 15, Finding 3).

The ALJ determined the Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 15, Finding 5).  At the hearing and in his applications, the Plaintiff claimed he suffered from depression and from pain in his legs, back, shoulder, arms, head, and hands.  (Tr. 11, 55-56, 234, 236-238).  The ALJ

---

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

-2-

analyzed these and the Plaintiff's other subjective complaints pursuant to *Polaski v. Heckler,* 751 F.2d 943 (8th Cir. 1984) and Social Security 96-7p.  (Tr. 11-16).  The ALJ concluded these subjective complaints were not credible based upon the Plaintiff's medical records and the Plaintiff's daily activities, and due to a number of inconsistencies regarding the nature and extent of the Plaintiff's alleged impairment. (Tr. 11-16).  Based upon this credibility determination and the ALJ's examination of the Plaintiff's medical records, the ALJ concluded the Plaintiff had the RFC to perform light work.  (Tr. 15, Finding 5).  Specifically, the ALJ determined the Plaintiff could do the following:

> Perform work-related activities except for work involving lifting/carrying more than 10 pounds frequently or up to 20 pounds occasionally; sit longer than 6 hours during an 8 hour workday; stand/walk longer than 6 hours during an 8 hour workday; and more than occasional bending or stooping.

(Tr. 15, Finding 5).

The ALJ also determined the Plaintiff could perform his Past Relevant Work ("PRW").  (Tr. 15, Finding 6).  VE David Elmore testified at the administrative hearing and addressed this issue. (Tr. 230-246).  The Plaintiff, in his applications, also included information about his PRW.  (Tr. 82-89).   At the hearing, the VE testified that, in addition to other jobs, the Plaintiff's PRW included work as a "machine operator" (light, unskilled) in the plastics industry.  (Tr. 243).  According the Plaintiff's applications, this job involved standing "on a wood box" and pulling "plastic fillters *(sic)* when they came out the end."  (Tr. 85). The Plaintiff also stated that he was paid $6.25 per hour for his work, that he worked ten hours per day for four days a week, and that he stood nine (9) hours a day at this job.  (Tr. 85).  The Plaintiff also stated that he worked as a machine operator  for roughly one year.  (Tr. 82).

At the hearing, the VE testified that a hypothetical individual with the same education, past

-3-

work experience, age, and RFC as the Plaintiff would be able to perform the Plaintiff's PRW as a machine operator.  (Tr. 243).  Based upon this determination, the ALJ concluded the Plaintiff was not disabled.  (Tr. 15, Finding 8).  On April 3, 2006, the Appeals Council declined to review the ALJ's unfavorable decision.  (Tr. 4-6).  On June 14, 2006, the Plaintiff filed the present appeal.  (Doc. No. 1).  This case was referred to the undersigned on February 20, 2007.  The Plaintiff and the Defendant have both filed appeal briefs.  (Doc. Nos. 9, 11).  This case is ready for decision.

2. **Applicable Law:**

    In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

    It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any SGA.  *See Cox v. Apfel*, 160 F.3d 1203, 1206

(8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether an adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a SGA; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her PRW; and (5) if the claimant cannot perform his or her PRW, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. <u>Discussion:</u>**

In his appeal brief, the Plaintiff claims the ALJ's determination at Step 4 –that the Plaintiff can return to his PRW–is not supported by substantial evidence and cannot be affirmed.  (Doc. No. 9, Page 2).  Specifically, he claims the ALJ improperly determined the Plaintiff's RFC and improperly discounted his subjective complaints of pain.  The Defendant claims the ALJ properly

determined the Plaintiff could return to his PRW.  (Doc. No. 11, Page 7).  The Defendant argues that the ALJ properly determined the Plaintiff retained the RFC to perform light work, based upon the Plaintiff's medical records, and that the ALJ properly discounted the Plaintiff's subjective complaints of pain.  Because this Court finds the ALJ's RFC determination is not supported by substantial evidence, the Court will only address this argument.

The ALJ must base his or her RFC determination upon the record as a whole, including the medical records, observations of treating physicians and others, and the claimant's own description of his or her own limitations.  *See Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir. 1995); *accord Page v. Astrue,* No. 06-2139, 2007 WL 1215759, at *2 (8th Cir. April 26, 2007); 20 C.F.R. § 404.1545 (2007).  The ALJ's RFC determination must be supported by at least *some* medical evidence.  *See Anderson,* 51 F.3d at 779; *accord Guilliams v. Barnhart,* 393 F.3d 798, 803 (8th Cir. 2005).  If the ALJ's RFC determination is not supported by at least *some* medical evidence, then this determination cannot be supported by substantial evidence.  *See Anderson,* 51 F.3d at 779 ("We must determine whether the record presents medical evidence of Anderson's RFC at the time of the hearing.  *Frankl v. Shalala,* 47 F.3d 935, 937-38 (8th Cir. 1995).  If there is no such evidence, the ALJ's decision 'cannot be said to be supported by substantial evidence.'").

In the present action, this Court finds that the ALJ's  RFC determination–that the Plaintiff retains the ability to perform "light work"– is not based on any medical evidence in the record.  The Defendant claims the ALJ's RFC determination is supported by the medical evidence in the record because the medical records indicate the Plaintiff's pain was successfully treated with medications and because the "treating physicians never recommended Plaintiff to undergo any surgical procedure." (Doc. No. 11, Page 8).  The ALJ's RFC determination was also based upon the finding that the Plaintiff's X-Rays and MRIs were "normal." (Tr. 13).  However, none of these findings are

-6-

supported by the record, and they are not an adequate basis for finding that the Plaintiff retains the ability to perform the full range of light work.  The medical evidence in the record, instead, indicates that the Plaintiff would be *unable* to perform the full range of light work or work that involves lifting up to ten (10) pounds frequently and twenty (20) pounds occasionally.

Specifically, the record indicates that the Plaintiff was treated for his physical impairments at four different facilities and by four different doctors during the relevant time period: (1) St. Joseph's Mercy Medical Clinic (from February 11, 1999 to October 27, 2003), (2) Dr. James Turbeville (from April 28, 2001 to December 14, 2004), (3) Dr. Thomas Ward (from October 29, 2003 to April 19, 2005), and (4) Dr. Lorne Ryan (April 5, 2004).  (Tr. 94-207).  Dr. Turbeville and Dr. Thomas Ward were the Plaintiff's treating physicians.  (Tr. 94-123, 177-183, 197-207).  Dr. Lorne Ryan was the Plaintiff's consulting physician who examined the Plaintiff at the request of the Social Security Administration.  (Tr. 184-186).  All four sets of these medical records indicate that the Plaintiff suffered from severe back pain during the relevant time period, and this back pain was not controlled by or successfully treated by medication.

First, the medical records from St. Joseph's Mercy Medical Clinic indicate that the Plaintiff suffers from degenerative disc disease, several ruptured discs in his back, and "chronic back pain." (Tr. 124-176).  These records indicate that the Plaintiff needed to undergo back surgery and had been scheduled for surgery at a reduced rate.[3]  These records also indicate that the Plaintiff has taken a number of pain medications for his back–including Percocet, Kadian, Lorcet, and Ultram–which the Plaintiff took over the course of several years and did not appear to alleviate the Plaintiff's back pain.

_____

[3] These records also indicate that the Plaintiff did not keep his appointment for this surgery.  The reason for the Plaintiff's failure to keep his appointment is not in the record.  Regardless of his reason, the Plaintiff's back pain appears to necessitate surgery, and the Defendant incorrectly argued that "treating physicians never recommended [that] Plaintiff undergo any surgical procedure" in support of his argument that the Plaintiff's back pain was not severe.  (Doc. No. 11, Page 8).

-7-

In the most recent entry from St. Joseph's, the physician noted that the Plaintiff still suffered from "chronic back pain" despite the fact that he had been taking several pain medications and was currently taking Percocet. (Tr. 125).

Second, the medical records from Dr. James Turbeville indicate that the Plaintiff suffers from severe back pain. (Tr. 94-123, 197). These records also indicate that the Plaintiff's pain medication was making him sick and was not alleviating the his pain. Specifically, on May 17, 2002, Dr. Turbeville noted that the "patient states pain medication not helping." (Tr. 110). On August 6, 2003, Dr. Turbeville stated that the Plaintiff was no longer able to take regular pain medications because they "make him nauseated," cause him to vomit, and hurt his stomach. (Tr. 97).

Third, the medical records from Dr. Thomas Ward indicate that the Plaintiff has been a victim of numerous motor vehicle accidents and has a history of back pain dating back to 1997. (Tr. 178). Dr. Ward noted that the Plaintiff is limited in his ability to perform factory work:

> He [the Plaintiff] has been unable to work in a consistent fashion since 1997 but most recently took a job where he attempted to resume gainful employment at a factory level job description. This required far too much physical activity and although he took Percocet, Lortab and Valium to continue at this task, it was five months after starting it that he found it intolerable and had to stop.

(Tr. 179). Dr. Ward also found, however, that there was no organic cause for the Plaintiff's back pain. He stated that the "X-Rays and work up studies to date include MRIs and plain film X-Rays, none of which reveal an operable lesion or organic cause for the back pain." (Tr. 178). This finding–that the Plaintiff's physician could find no organic cause for the Plaintiff's back pain–is relied upon by the ALJ and used by the ALJ in support of his finding that the Plaintiff can perform the full range light work. (Tr. 13). The ALJ stated that this finding indicated the Plaintiff's X-Rays and MRIs were "normal." (Tr. 13). Dr. Ward's finding, however, does not indicate that the Plaintiff has no back pain or that the Plaintiff's X-Rays and MRIs are "normal." Rather, the results from the

Plaintiff's MRI, dated March 3, 2002, indicate that the Plaintiff suffers from "degenerative disc changes within the lumbar spine greatest at L4-5 and L5-S1" and "generalized disc bulging . . . at levels from L2-3 through L5-SI. The disc bulging at L4-5 is asymmetric to the left." (Tr. 114). The Plaintiff's other medical records also support the finding that the Plaintiff suffers from degenerative disc disease, which is certainly not a "normal" back. (Tr. 104, 127).

Fourth, Dr. Lorne Ryan, a consulting physician hired by the SSA to conduct an independent medical evaluation, found that the Plaintiff "has no impairment in his ability to sit or stand although both of these activities *if prolonged* cause him pain." (Tr. 186) (emphasis added). Dr. Ryan also found that the Plaintiff "has no impairments in his ability to walk for short distances [with] his limitation again being pain." (Tr. 186). Finally, Dr. Ryan found that "current medications that he is taking would preclude him from a factory job." (Tr. 186). Notably, an example of a "factory job" would be the job–machine operator at a plastics plant–that the ALJ determined the Plaintiff could perform. (Tr. 14-15).

The ALJ found the Plaintiff could perform his PRW as a machine operator based upon his finding that the Plaintiff retained the RFC to perform the full range of light work. (Tr. 14). Upon review of the four sets of medical records in the present case, the ALJ's RFC determination is not supported by the medical records or any medical evidence. None of the medical records or evidence indicates that the Plaintiff can perform light work, which includes lifting up to 20 pounds occasionally and 10 pounds frequently and standing up to 6 hours of an 8-hour day. The medical evidence, instead, indicates that the Plaintiff suffers from severe back pain and would not be able to perform the full range of light work. Absent some medical evidence supporting the ALJ's RFC determination, this determination is not supported by substantial evidence and cannot be affirmed.

This Court also notes that the Plaintiff alleged in his applications that he suffered from

-9-

depression, which he claimed was a mental impairment. (Tr. 11). The Plaintiff underwent a psychological evaluation with a mental status examination on October 12, 2005. (Tr. 208-218). Dr. Sam Boyd, a licensed psychologist, conducted this examination. Dr. Boyd found that the Plaintiff's depression was not a mental impairment and that the Plaintiff "has friends" and "gets along well with other people" and "shows no deficits in social behavior." (Tr. 213). The Plaintiff has produced no evidence contradicting Dr. Boyd's findings, and there is no other evidence in the record indicating that the Plaintiff's depression is a mental impairment. Therefore, this Court finds that the Plaintiff has not met his burden of establishing that he has a mental impairment. *See Cox,* 160 F.3d at 1206.

**4. Conclusion:**

Based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

On remand, the ALJ is directed to cite and to carefully analyze in his or her opinion all of the factors from *Polaski v. Heckler,* 751 F.2d 943 (8th Cir. 1984) prior to discounting the Plaintiff's subjective complaints of pain. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000) (finding that although the ALJ is not required to methodically discuss each *Polaski* factor prior to discounting the Plaintiff's subjective complaints of pain, the ALJ is required to acknowledge and to consider the *Polaski* factors prior to discounting the Plaintiff's subjective complaints of pain). It is preferable to clearly state the *Polaski* analysis and the five *Polaski* factors prior to discounting the Plaintiff's subjective complaints of pain. However, although the ALJ did not clearly state these five factors, the ALJ in the present action did adequately addressed *Polaski* and its five factors. In future opinions, should the ALJ fail to cite all of the factors from *Polaski* in his or her opinion, this Court will be required to remand the case to the ALJ for further consideration consistent with the dictates

of *Polaski*.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the court except on grounds of plain error or manifest injustice.

ENTERED this 31st day of May, 2007.

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge